THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| WESLEY THOMPSON,<br><br>    Petitioner,<br><br>v.<br><br>STATE OF UTAH et al.,<br><br>    Respondents. | **MEMORANDUM DECISION<br>& DISMISSAL ORDER**<br><br>Case No. 2:21-CV-77-TC<br><br>District Judge Tena Campbell |

  Petitioner, Wesley Thompson, filed a "Pre-Trial Writ of Habeas Corpus," under 28 U.S.C.S. § 2254 (2021), in which Petitioner attacks pretrial detention and proceedings on state criminal charges. (ECF No. 7.) The latest facts, as set forth in the petition and Petitioner's filings since, show that Petitioner is awaiting trial.

  Based on this information, the Court issued an Order to Show Cause on June 7, 2021, explaining the exhaustion and abstention doctrines and how the Court believes they invalidate Petitioner's claims at this time. (ECF No. 15.) The Court gave Petitioner thirty days to show cause why the petition should not therefore be dismissed. (*Id*.)

  Petitioner responded with arguments that this Court should intervene in the state proceedings because Petitioner generally does not believe the state courts have honored or will honor his constitutional rights. To help Petitioner's comprehension, the Court responds to examples of some of Petitioner's specific ill-conceived arguments (in bold type):

  **(1) "State proceedings [will] moot[] federal constitutional claims before [they] can be vindicated."** (ECF No. 17, at 14.) Meanwhile, the federal constitutional claims actually must

be raised in the state proceedings before they may be raised in a federal habeas case. *Picard v. Connor*, 404 U.S. 270, 275-76 (1971) ("Only if the state courts have had the first opportunity to hear the claim sought to be vindicated in a federal habeas proceeding does it make sense to speak of the exhaustion of state remedies. Accordingly, we have required a state prisoner to present the state courts with the same claim he urges upon the federal courts."). That is the *mandatory* exhaustion process. *Id.* If Petitioner timely files his appeals and post-conviction actions, as to each federal constitutional issue in his state court proceedings, his federal constitutional claims will not be "moot[ed]." (ECF No. 17, at 14.)

**(2) This Court should rule on the merits of this petition because, though Petitioner's claims are admittedly unexhausted here, his claims fall within an exception to the exhaustion requirement: "[T]here is an absence of available state corrective process."** (ECF No. 17, at 14.) However, Petitioner perhaps mistakes "available state corrective process" to mean that with which he is comfortable or meets his personal time preference. The available state corrective process consists of the state-trial-and-appellate-court events that must culminate in a final judgment reviewed by the Utah Supreme Court, before Petitioner may challenge state criminal proceedings in this Court.

**(3) Petitioner argues another exception to the exhaustion requirement exists here: "a 'manifest miscarriage of justice' from a showing of innocence."** (ECF No. 17, at 14.) Yet the whole purpose of the state criminal process that Petitioner is currently involved in is for him to try to argue and show his lack of guilt. Principles of comity and federalism preclude this Court from weighing in on Petitioner's guilt or innocence before state courts determine his guilt or innocence based upon criminal laws enacted in that state. *Picard*, 404 U.S. at 275 ("The

exhaustion-of-state-remedies doctrine, now codified in the federal habeas statute, 28 U.S.C. §§ 2254 (b) and (c), reflects a policy of federal-state comity, *Fay* v. *Noia,* 372 U.S. 391, 419-420 (1963); *Bowen* v. *Johnston,* 306 U.S. 19, 27 (1939), 'an accommodation of our federal system designed to give the State the initial "opportunity to pass upon and correct" alleged violations of its prisoners' federal rights.' *Wilwording* v. *Swenson, ante,* p. 249, at 250. We have consistently adhered to this federal policy, for 'it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation.' *Darr* v. *Burford,* 339 U.S. 200, 204 (1950).")

**(4) Petitioner states, "It is the very purpose of this writ to literally stop the trial (or other state proceedings) from taking place at all."** (ECF No. 17, at 15.) This is another example of Petitioner's overall misunderstanding of state authority vis-à-vis federal authority. To clarify, the state government is a separate sovereign from the federal government. *See Despain v. Shillinger*, No. 93-8122, 1994 U.S. App. LEXIS 12675, at *4 (10th Cir. June 1, 1994) ("The exhaustion doctrine, codified at 28 U.S.C. 2254, is a manifestation of federalism and comity and a recognition of state sovereignty. *Rose v. Lundy*, 455 U.S. 509, 515-20 (1982)."). Even if this federal court wanted to insert itself into this state criminal case, it would be entirely untoward for it to do so. *See Picard*, 404 U.S. at 275. Again, Petitioner may have his day in this Court only after he has timely exhausted all federal constitutional claims that he may bring to this Court in the future--in other words, after he has raised all those federal constitutional claims to the Utah Supreme Court after his trial-level proceedings are over. *See id.* at 275-76.

**(5) Petitioner argues another exception to the exhaustion requirement exists here: "Presentation to the state courts is futile, because the highest state court consistently or**

**recently has rejected claims identical to the petitioner's."** (ECF No. 17, at 17, 19). But Petitioner does not even know yet whether he will be found guilty, let alone what his claims on appeal and on post-conviction relief might be. *See Cen v. Castro*, No. C 02-2094 PJH (PR), 2002 U.S. Dist. LEXIS 9314, at *1 (N.D. Cal. May 1, 2002) ("[T]he pending state action might result in [failure to convict], mooting the federal case."). He cannot know what his potential claims may be until he has been found guilty and sees what prejudicial errors may have led to that finding of guilt. Petitioner suggests, for instance, that prosecutorial misconduct may be at issue here. (ECF No. 17, at 26.) At this early stage in his criminal litigation, though, any prosecutorial misconduct would be properly addressed by his criminal defense counsel, not by the federal district court.

Petitioner's response to the Order to Show Cause does not persuade the Court that this action is valid. **IT IS THEREFORE ORDERED** that:

**(1)** The petition is **DISMISSED** with prejudice.

**(2)** A certificate of appealability is **DENIED**.

**(3)** All pending motions are **DENIED** as moot. (ECF Nos. 8, 9, 10, 12, 18, 25.)

DATED this 31st day of January, 2022.

BY THE COURT:

_____
TENA CAMPBELL
United States District Judge